Submitted August 6, reversed and remanded for reconsideration October 8, 2014

Alej Kendall TAMARGO,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Danville Services,
*Respondents.*

Employment Appeals Board
12AB3058; A153463

337 P3d 871

Ann Berryhill Witte filed the brief for petitioner.

Denise G. Fjordbeck, Attorney-in-Charge, waived appearance for respondent Employment Department.

No appearance for respondent Danville Services.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Claimant seeks review of an order of the Employment Appeals Board (board) disqualifying him from receiving unemployment benefits.[1] He asserts, in part, that the board erred in concluding that he was discharged for misconduct, because that conclusion was not supported by substantial evidence or substantial reason. ORS 183.482(8)(c); *Campbell v. Employment Dept.*, 245 Or App 573, 579, 263 P3d 1122 (2011) (explaining that the standard of review provided in ORS 183.482(8)(c) "requires that the board's findings of fact be supported by substantial evidence and that its conclusions be supported by substantial reason, *i.e.*, its conclusions must reasonably follow from the facts found" (internal quotation marks omitted)). We agree with claimant that the board's order in this case is not supported by substantial reason; accordingly, we reverse and remand for reconsideration.

On September 21, 2012, the Employment Department issued an administrative decision denying claimant unemployment benefits on the basis that he voluntarily left work without good cause. ORS 657.176(2)(c).[2] Claimant requested a hearing, which was held before an administrative law judge (ALJ) on October 15, 2012. The ALJ subsequently issued an order also concluding that claimant was disqualified from receiving benefits because he voluntarily quit work without good cause. Claimant filed a timely application for review by the board.

The board affirmed the department and the ALJ's denial of benefits; however, the board concluded that claimant was disqualified from receiving benefits, not because he voluntarily quit work, but because "[t]he employer discharged claimant for misconduct," citing ORS 657.176(2)(a) and OAR

---

[1] Neither the Employment Department nor employer appears on appeal.

[2] ORS 657.176(2) provides, in part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the director finds that the individual:

"(a) Has been discharged for misconduct connected with work;

"* * * * *

"(c) Voluntarily left work without good cause[.]"

471-030-0038(3)(a) (defining misconduct). Notwithstanding that conclusion, the board's analysis focused solely on the facts supporting a determination that claimant had voluntarily quit work without good cause; it did not address any factual basis for concluding that claimant had been discharged for misconduct. It necessarily follows that the board's conclusion does not "reasonably follow from the facts found," *Campbell*, 245 Or App at 579, and, hence, lacks substantial reason. Accordingly, we reverse and remand for reconsideration on that basis.

Reversed and remanded for reconsideration.